UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM RYAN and JOHN J. SHAUGHNESSY, )
as they are TRUSTEES, INTERNATIONAL UNION )
OF OPERATING ENGINEERS LOCAL 4 HEALTH )
AND WELFARE, PENSION, AND ANNUITY FUNDS, )
and LOUIS G. RASETTA and CHRISTOPHER )
BARLETTA, as they are TRUSTEES, HOISTING AND )
PORTABLE ENGINEERS LOCAL 4 APPRENTICE )
AND TRAINING FUNDS and INTERNATIONAL )
UNION OF OPERATING ENGINEERS, LOCAL 4, )
) C.A. No.
)
Plaintiffs )
vs. )
) RECEIPT # 53679
) AMOUNT $150
MARK EQUIPMENT CORPORATION, ) SUMMONS ISSUED ✓
) LOCAL RULE 4.1
Defendant ) WAIVER FORM
) MCF ISSUED
**COMPLAINT** BY DPTY. CLK
DATE 2/9/04

### NATURE OF ACTION

1.  This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Sections 1132(a)(3) and (d)(1) and 1145 and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. Section 185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.  The Court has jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, 29 U.S.C. Sections 1132(a), (e) and (f), and Section 301(a) and (c) of LMRA, 29 U.S.C. Sections 185 (a) and (c), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an

"employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. Section 1002(37). They are hereinafter collectively referred to as "the Funds."

8. Plaintiff International Union of Operating Engineers, Local 4 ("the Union") is a "labor organization" as defined by 29 U.S.C. Sections 142(3) and 152(5). The Union has its principal place of business at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Mark Equipment Corporation (hereinafter "Mark" or "the Employer") is a Massachusetts corporation with a principal place of business at 126 Old Page Street, Stoughton, Massachusetts, and is an employer engaged in commerce within the meaning of Section 3(5) and (12) of ERISA, 29 U.S.C. Section 1002(5) and (12).

## GENERAL ALLEGATIONS OF FACT

10. On or about April 15, 1970 and December 27, 2001, defendant Mark entered into written agreements with the Union recognizing the Union as the sole and exclusive representative of certain employees and agreeing to be bound to the terms of the Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of the collective bargaining agreement requiring contributions to Plaintiff Funds and to any successor agreements. These agreements are hereinafter referred to as "the Union agreements."

11. Because of the Union agreements, Mark has been a party to successive collective bargaining agreements with the Union, including the most recent agreement which is effective from June, 2003 through May, 2005 ("the Agreement").

12. The Agreement obligates Mark to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedule of Wages, and to pay interest at the rate of one percent (1%) per month on contributions which are not received by the last day of the month following the month during which the work was performed.

13. Pursuant to the Agreement, Mark is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I – VIOLATION OF ERISA – DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13, supra.

15. Mark has performed work under the terms of the applicable collective bargaining agreements, including during a period between October of 2002 and January of 2004.

16. Mark failed to pay all contributions owed for this period.

17. In or around February of 2003, Mark agreed to a payment schedule ("the payment schedule") pursuant to which it would pay delinquent contributions and interest totaling $84,716.21 in six monthly installments, with the last installment due on July 31, 2003.

18. Mark failed to make all of the payments required pursuant to the payment schedule and has a balance due of $18,745.06.

4

19. Mark failed to remit additional contributions for work performed during the period beginning in or around July of 2003 through December of 2003. The Funds estimate that Mark owes $18,745.06 in unpaid contributions and partial interest pursuant to the payment schedule, together with an as yet unliquidated liability for the period of July of 2003 to the present. Mark also owes additional interest on all delinquent contributions, including those subject to the payment schedule, which continues to accrue through the date of payment.

20. The failure of Mark to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates Section 515 of ERISA, 29 U.S.C. Section 1145.

21. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, including contributions now due and owing, and the Funds and their participants will be irreparably damaged.

22. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. Section 1132(h).

### COUNT II – VIOLATION OF LMRA – DELINQUENT CONTRIBUTIONS, DUES AND INTEREST

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23, supra.

24. The failure of Mark to make contributions on behalf of all covered employees, to remit the union dues it deducted from its employees' paychecks and to pay interest as required by the terms of the collective bargaining agreement violates Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant Mark;

b. Enter a preliminary and permanent injunction enjoining Mark from refusing or failing to make contributions and pay interest to Plaintiff Funds and from refusing or failing to remit union dues to the Plaintiff Union;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $18,745.06 plus any additional amounts determined by the Court to be owed by Mark or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. Section 1132(g)(2);

d. Enter judgment in favor of the Plaintiff Union for all union dues owed by Mark or which may become due during the pendency of this action, together with interest and attorney's fees in accordance with 29 U.S.C. Section 185; and

 e. Such further and other relief as this Court deems appropriate.

           WILLIAM RYAN and JOHN J.
           SHAUGHNESSY, as they are TRUSTEES,
           INTENATIONAL UNION OF
           OPERATING ENGINEERS LOCAL 4
           HEALTH AND WELFARE FUND, et als.

           By their attorney,

           /s/ Randall E. Nash
           Randall E. Nash
           BBO #546963
           11 Beacon Street, Suite 500
           Boston, MA  02108
           (617) 742-5511

Dated: February 6, 2004